**In the United States District Court
For the Central District of Illinois
Peoria Division**

| | | |
|---|---|---|
| MARIANNE WAYLAND, | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. |
| OSF HEALTHCARE, | ) | |
| Defendant. | ) | **Jury Trial Demanded** |

**Complaint**

Now Comes the Plaintiff, MARIANNE WAYLAND ("Wayland"), by and through her undersigned counsel, John A. Baker, and in support of her complaint against the Defendant, OSF HEALTHCARE ("OSF"), states as follows:

**I. Jurisdiction and Venue**

1. Wayland alleges that OSF violated her rights under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. (the "FMLA"). This is a federal statute vesting jurisdiction in this Court under 28 U.S.C. § 1331.

2. Wayland, at the times the incidents giving rise to this litigation occurred, was employed by OSF in Peoria County, Illinois, making venue appropriate in this Court.

**II. Nature of this lawsuit**

3. Wayland maintains this lawsuit against OSF by alleging that her rights under the FMLA have been violated. The United States Department of Labor has explained:

> The FMLA was predicated on two fundamental concerns—the needs of the American workforce, and the development of high-performance organizations. Increasingly, America's children and elderly are

dependent upon family members who must spend long hours at work. When a family emergency arises, requiring workers to attend to seriously-ill children or parents, or to newly-born or adopted infants, or even to their own serious illness, workers need reassurance that they will not be asked to choose between continuing their employment, and meeting their personal and family obligations or tending to vital needs at home. 29 CFR § 825.101(b).

4. The FMLA is both prescriptive, in that it imposes certain affirmative obligations on employers, and it is restrictive, in that it precludes employers from retaliating against individuals who engage in activities that are protected under the FMLA.

5. In enacting the FMLA Congress ordered the Secretary of Labor to develop regulations "necessary to carry out" its terms. 29 U.S.C. § 2654.

6. It is unlawful for any employer to interfere with an employee's exercise of rights under the FMLA or the attempt to exercise those rights. 29 U.S.C. § 2615(a)(1); 29 CFR § 825.220(a).

7. Any violation of the FMLA or of the regulations promulgated by the Secretary "constitute interfering with, restraining, or denying the exercise of rights provided by the [FMLA]." 29 CFR § 825.220(b); *see also* 29 U.S.C. §2615(a)(1).

### III. Parties

8. Wayland is an adult resident of the State of Illinois. She was formerly employed by OSF as a Manager of its Institute of Learning.

9. OSF, amongst other things, is a medical provider headquartered in Peoria, Illinois.

10. OSF is an "employer" as that term is defined by the FMLA.

### IV. Complaint

11. Wayland began working for OSF in January of 1999. At all times prior to her

FMLA leave of absence OSF considered her to be a valued employee.

12. In late 2018 Wayland applied for an intermittent leave of absence under the FMLA and also a continuous leave of absence.

13. At the time Wayland sought her leaves of absence she was entitled to and eligible for her leaves of absence.

14. Wayland utilized time off that was protected under the FMLA.

15. While OSF approved Wayland's leaves of absence, they used it against her to impose a performance improvement plan and, ultimately, to terminate her employment on July 2, 2019.

16. As a result of the foregoing, Wayland has sustained damages. These damages are in the form of lost wages and benefits that she would have received had her employment not been unlawfully terminated.

Wherefore, Wayland respectfully requests that this Court enter an order finding and providing as follows:

A. An order mandating OSF to compensate her for the wages and benefits she lost as a result of her termination.

B. An order directing the Board to remove any mention of discipline from Wayland's personnel records.

C. Liquidated damages.

D. An award of attorney fees associated with bringing this claim.

E. An order directing that Wayland be reinstated to her former position of employment at OSF.

F. Any other order that is just and appropriate.

**Wayland requests a jury trial**

                                        Marianne Wayland

                                  By: /s/ *John A. Baker*
                                            Her Attorney

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone:        (217) 522-3445
Facsimile:         (217) 522-8234
Email:             jab@bbklegal.com